MORRIS PETERSON
Robert McCoy, No. 9121
Email:  rrm@morrislawgroup.com
Ryan Lower, No. 9108
Email:  rml@morrislawgroup.com
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada  89101
Telephone:  (702) 474-9400
Facsimile:  (702) 474-9422

Attorneys for Plaintiff Federal Deposit
Insurance Corporation, as Receiver for
Community Bank of Nevada

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR COMMUNITY BANK OF NEVADA, <br><br> Plaintiff, <br><br> v. <br><br> SAINT ANDREWS FORUM GOLF SHOP, LTD., a Nevada limited liability company; SAINT ANDREWS GOLF SHOP, LTD., a Nevada limited liability company; BE DISTRICT, LLC, a Nevada limited liability company; BORETA ENTERPRISES, INC., a Nevada corporation; RON BORETA, an individual residing in Nevada; STACEY BORETA, an individual residing in Nevada; JOHN BORETA, an individual residing in Nevada; KERRI BORETA, an individual residing in Nevada; JOHN AND KERI BORETA as co-trustees of the JOHN AND KERI B. BORETA 2000 TRUST; and RON BORETA as trustee of the RON BORETA SEPARATE PROPERTY TRUST, <br><br> Defendants. | Case No. <br><br> **COMPLAINT** |

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

Plaintiff the Federal Deposit Insurance Corporation ("FDIC"), in its capacity as Receiver for Community Bank of Nevada, Inc. ("FDIC as Receiver"), complains and alleges against defendants as follows:

## PARTIES

1.   The FDIC is a corporation formed by the United States Federal Government pursuant to Title 12 of the United States Code.

2.   At all material times, Community Bank of Nevada, Inc. ("Community Bank") was a Nevada Corporation authorized to do business in Nevada.

3.   On August 14, 2009, the Nevada Financial Institutions Division closed Community Bank and the FDIC was appointed as receiver for Community Bank pursuant to 12 U.S.C. § 1821.

4.   Pursuant to 12 U.S.C. § 1821(d), the FDIC (I) is charged, inter alia, with the duty of winding-up the affairs of Community Bank and (ii) by operation of law, succeeds to all rights, titles, powers, and privileges of Community Bank.  In particular, the FDIC is authorized to pursue the claims set forth in this complaint pursuant to 12 U.S.C. § 1821(d)(2)(B)(ii).

5.   Upon information and belief, BE District, LLC ("BE District") is a Nevada limited liability company that conducts business in the state of Nevada.

6.   Upon information and belief, Saint Andrews Forum Golf Shop, LTD. ("Saint Andrews Forum") is a Nevada limited liability company that conducts business in the state of Nevada.

7.   Upon information and belief, Saint Andrews Golf Shop, LTD. ("Saint Andrews ") is a Nevada limited liability company that conducts business in the state of Nevada.

8.   Upon information and belief, Boreta Enterprises, Inc. ("Boreta Enterprises") is a Nevada corporation that conducts business in the state of Nevada.

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

2

9.      Upon information and belief, Ron Boreta is an individual residing in Clark County, Nevada and the trustee of the Ron Boreta Separate Property Trust .

10.      Upon information and belief, Stacey Boreta is an individual residing in Clark County, Nevada.

11.      Upon information and belief, John Boreta is an individual residing in Clark County, Nevada and a co-trustee of the John and Keri B. Boreta 2000 Trust.

12.      Upon information and belief, Kerri Boreta is an individual residing in Clark County, Nevada and a co-trustee of the John and Keri B. Boreta 2000 Trust.

13.      Upon information and belief, John and Keri B. Boreta 2000 Trust is a trust created for the benefit of John and Keri Boreta.

14.      Upon information and belief, the Ron Boreta Separate Property Trust is a trust created for the benefit of Ron Boreta.

## JURISDICTION AND VENUE

15.      Federal jurisdiction exists over this proceeding pursuant to 12 U.S.C. § 1819(b)(2)(A) because the FDIC is a party to this lawsuit.

16.      Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. §§ 1391(b) and (c) because all defendants reside in Clark County, Nevada, the actions or omissions giving rise to the claims arose in Clark County, Nevada, and the property that is the subject of the action is situated in Clark County, Nevada.  Additionally, all parties to this lawsuit agreed by contract to litigate any dispute related to the loan at issue in this case in Clark County, Nevada.

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

3

## GENERAL ALLEGATIONS

### LOANS TO BE DISTRICT, LLC

17.     BE District and Community Bank entered into a Business Loan Agreement dated January 25, 2008, whereby BE District borrowed the principal sum of $635,000.00 ("Loan No. 9011021252").

18.     In conjunction with Loan No. 9011021252, BE District made, executed, and delivered to Community Bank a Promissory Note dated January 25, 2008 in the amount of $635,000.00.

19.     Under the terms of the Note, BE District agreed to pay 59 regular payments of $7,743.03 each, beginning on February 25, 2008, and one final payment for all principal and unpaid accrued interest, estimated at $388,655.93, on January 25, 2013.

20.     Interest was to accrue on the unpaid principal balance at the interest rate of 8.000% per annum.

21.     As security for Loan No. 9011021252, BE District executed a Commercial Security Agreement dated January 25, 2008 and granted Community Bank a security interest in certain collateral (the "Collateral"), which is defined as BE District's "Inventory and Accounts," and includes:

> (A) All accessions, attachments, accessories, tools, parts, supplies, replacements of and additions to any of the collateral described herein, whether added now or latter.
> (B) All products and produce of any of the property described in this Collateral section.
> (C) All accounts, general intangibles, instruments, rents, monies, payments, and all other rights, arising out of a sale, lease, consignment or other disposition of any of the property described in this Collateral section.
> (D) All proceeds (including insurance proceeds) from the sale, destruction, loss, or other disposition of any of the property described in this Collateral section, and sums due from a third party who has damaged or destroyed the Collateral or from that party's insurer, whether due to judgment, settlement or other process.
> (E) All records and data relating to any of the property described in this Collateral section, whether in the form of a writing, photograph, microfilm, microfiche, or electronic media, together with all of Grantor's right, title,

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

4

and interest in and to all computer software required to utilize, create, maintain, and process any such records or data on electronic media.

22.     Community Bank perfected its security interest in the Collateral by filing a UCC Financing Statement on January 30, 2008, Instrument Number 2008003089-7, with the Nevada Secretary of State.

23.     BE District and Community Bank entered into a second Business Loan Agreement dated January 25, 2008 whereby BE District borrowed the principal sum of $300,000.00 ("Loan No. 9011021244").

24.     In conjunction with Loan No. 9011021244, BE District made, executed, and delivered to Community Bank a Promissory Note dated January 25, 2008 in the amount of $300,000.00.

25.     Under the terms of the Note, BE District agreed to make interest only payments beginning on February 25, 2008 and one final payment for all principal and unpaid accrued interest on January 25, 2009.

26.     Interest was to accrue on the unpaid principal balance at the interest rate of 7.750% per annum.

27.     As security for Loan No. 9011021244, BE District executed a Commercial Security Agreement dated January 25, 2008 and granted Community Bank a security interest in Collateral.

28.     Community Bank perfected its security interest in the Collateral by filed a UCC Financing Statement on January 30, 2008, Instrument Number 2008003089-7, with the Nevada Secretary of State.

29.     To secure payment of Loan Nos. 9011021252 and 9011021244, Boreta Enterprises, John Boreta, Ron Boreta, Ron Boreta Separate Property Trust, Saint Andrews Forum, and Saint Andrews executed Commercial Guaranties, under which they absolutely and unconditionally guaranteed full and punctual payment and satisfaction BE District's debt to Community Bank, and the

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

5

performance and discharge of all BE District's obligations under the Notes and the related loan documents.

30.     BE District executed a Change In Terms Agreement dated January 25, 2009, which extended the maturity date to April 25, 2009.

31.     BE District executed a second Change In Terms Agreement on June 15, 2009, which extended the maturity date to July 25, 2009.

## LOAN TO SAINT ANDREWS

30.     Saint Andrews and Community Bank entered into a Business Loan Agreement dated January 25, 2008 whereby Saint Andrews borrowed the principal sum of $500,000.00 ("Loan No. 9011021268").

31.     In conjunction with Loan No. 9011021268, Saint Andrews made, executed, and delivered to Community Bank a Promissory Note dated January 25, 2008 in the amount of $500,000.00.

32.     Under the terms of the Note, Saint Andrews agreed to make interest only payments beginning on February 25, 2008 and one final payment for all principal and unpaid accrued interest on January 25, 2009.

33.     Interest was to accrue on the unpaid principal balance at the interest rate of 7.750% per annum.

34.     As security for Loan No. 9011021268, Saint Andrews executed a Commercial Security Agreement dated January 25, 2008 and granted Community Bank a security interest in Collateral, which is defined as "Inventory, Chattel Paper, Accounts, Equipment and General Intangibles."

35.     Community Bank perfected its security interest in the Collateral by filing a UCC Financing Statement on January 30, 2008, Instrument Number 2008003083-5, with the Nevada Secretary of State.

36.     To secure payment of Loan No. 9011021268, BE District, Boreta Enterprises, John Boreta, Ron Boreta, Ron Boreta Separate Property Trust, and Saint Andrews Forum executed Commercial Guaranties, under which they

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

6

absolutely and unconditionally guaranteed full and punctual payment and satisfaction Saint Andrews's debt to Community Bank, and the performance and discharge of all Saint Andrews's obligations under the Note and the related loan documents.

37.     Saint Andrews executed a Change In Terms Agreement dated March 17, 2008, which increased the principal amount to $750,000 and reduced the interest rate to 7.250%.

38.     Saint Andrews executed a second Change In Terms Agreement on January 25, 2009, which extended the maturity date to April 25, 2009.

39.     Saint Andrews executed a third Change In Terms Agreement on June 16, 2009, which extended the maturity date to July 25, 2009 and reduced the principal amount to $700,000.

## LOANS TO SAINT ANDREWS FORUM

40.     Saint Andrews Forum and Community Bank entered into a Business Loan Agreement dated January 25, 2008 whereby Saint Andrews Forum borrowed the principal sum of $300,000.00 ("Loan No. 90110121236").

41.     In conjunction with Loan No. 90110121236, Saint Andrews Forum made, executed, and delivered to Community Bank a Promissory Note dated January 25, 2008 in the amount of $300,000.00.

42.     Under the terms of the Note, Saint Andrews Forum agreed to make interest only payments beginning on February 25, 2008 and one final payment for all principal and unpaid accrued interest on January 25, 2009.

43.     Interest was to accrue on the unpaid principal balance at the interest rate of 7.750% per annum.

44.     As security for Loan No. 9011021236, Saint Andrews Forum executed a Commercial Security Agreement dated January 25, 2008 and granted Community Bank a security interest in Collateral, which is defined as "All Inventory and Accounts."

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

45.     Community Bank perfected its security interest in the Collateral by filing a UCC Financing Statement on January 30, 2008, Instrument Number 2008003036-6, with the Nevada Secretary of State.

46.     To secure payment of Loan No. 90110121236, BE District, Boreta Enterprises, John Boreta, Ron Boreta, Ron Boreta Separate Property Trust, and Saint Andrews executed Commercial Guaranties, under which they absolutely and unconditionally guaranteed full and punctual payment and satisfaction Saint Andrews's debt to Community Bank, and the performance and discharge of all Saint Andrews's obligations under the Note and the related loan documents.

47.     Saint Andrews Forum executed a Change In Terms Agreement on dated January 25, 2009, which extended the maturity date to April 25, 2009.

48.     Saint Andrews Forum executed a second Change In Terms Agreement on June 16, 2009, which extended the maturity date to July 25, 2009.

49.     Saint Andrews Forum and Community Bank entered into a second Business Loan Agreement dated May 8, 2001 whereby Saint Andrews Forum borrowed the principal sum of $500,000.00 ("Loan No. 9014001045").

50.     In conjunction with Loan No. 9014001045, Saint Andrews Forum made, executed, and delivered to Community Bank a Promissory Note dated May 8, 2001 in the amount of $500,000.00.

51.     Under the terms of the Note, Saint Andrews Forum agreed to make monthly payments of $6,638.00 beginning on September 8, 2001.

52.     Interest was to accrue on the unpaid principal balance at the interest rate of 9.750% per annum.

53.     As security for Loan No. 9014001045, Saint Andrews Forum executed a Commercial Security Agreement dated May 8, 2001 and granted Community Bank a security interest in Collateral.

54.     Community Bank perfected its security interest in the Collateral by filing a UCC Financing Statement on with the Nevada Secretary of State.

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

8

55.     To secure payment of Loan No. 9014001045, John and Keri Boreta, John and Keri Boreta 2000 Trust, Ron and Stacey Boreta, Ron Boreta Separate Property Trust, and Saint Andrews executed Commercial Guaranties, under which they absolutely and unconditionally guaranteed full and punctual payment and satisfaction Saint Andrews Forum's debt to Community Bank, and the performance and discharge of all BE District's obligations under the Note and the related loan documents.

## THE BORROWERS' AND GUARANTORS' DEFAULT

56.     The loan agreements, the notes, the security agreements, the financing statements, and all other document executed or delivered to or for the benefit of BE District, Saint Andrews Golf, and Saint Andrews Forum Golf with the loans described above are collectively referred to as the "Loan Documents."

57.     BE District, Saint Andrews Golf, and Saint Andrews Forum Golf are collectively referred to as the "Borrowers."

58.     John and Keri Boreta, John and Keri Boreta 2000 Trust, Ron and Stacey Boreta, Ron Boreta Separate Property Trust, Boreta Enterprises, Saint Andrews, and Saint Andrews Forum are collectively referred to as the "Guarantors."

59.     The Borrowers failed to make their payments under the Loan Documents.

60.     None of the Guarantors has made any payment or tendered performance of Borrowers' obligations.

61.     Under the terms of the Loan Documents, the entire amount of the Borrowers' debt is now due and payable to the FDIC as Receiver.

62.     Under the terms of the Loan Documents, the Borrowers are required to assemble and deliver the Collateral to the FDIC as Receiver, and the FDIC as Receiver is entitled to sell or otherwise deal with the Collateral.

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

9

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AGAINST BE DISTRICT, LLC REGARDING LOAN NO. 9011021252

63.     The FDIC as Receiver and BE District entered into the agreements that are described above.

64.     The FDIC as Receiver has performed its obligations under the agreements or has been excused from doing so.

65.     BE District defaulted on its obligations and breached its duties under the agreements by failing to make required payments under the loan.

66.     As a direct result of BE District's breach, the FDIC as Receiver has incurred damages thus far in the amount of $609,445.50, with additional interest accruing in the amount of $126.31 per day.

67.     The FDIC as Receiver has been required to engage the services of attorneys in these proceedings as a direct and proximate result of BE District's breaches and therefore, the FDIC as Receiver is entitled to attorneys' fees and costs as special damages and pursuant to contract.

## SECOND CAUSE OF ACTION

### BREACH OF GUARANTY AGREEMENTS AGAINST BORETA ENTERPRISES, INC., JOHN BORETA, RON BORETA, RON BORETA SEPARATE PROPERTY TRUST, SAINT ANDREWS FORUM GOLF SHOP, LTD., AND SAINT ANDREWS GOLF SHOP REGARDING LOAN NO. 9011021252

68.     The FDIC as Receiver and the Guarantors under Loan No. 9011021252 entered into the guaranty agreements described above, which guarantee the obligations of BE District.

69.     The FDIC as Receiver has performed its obligations under the guaranty agreements or has been excused from doing so.

70.     Each Guarantor has breached his/its obligations under the guaranty agreements by failing to make full and punctual payment of the outstanding balance of Loan No. 9011021252 as agreed.

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

71.     As a direct result of the Guarantors' breach, the FDIC as Receiver has incurred damages in the amount of $609,445.50, with additional interest accruing in the amount of $126.31 per day.

72.     The FDIC as Receiver has been required to engage the services of attorneys in these proceedings as a direct and proximate result of the Guarantors' breaches and therefore, the FDIC as Receiver is entitled to attorneys' fees and costs as special damages and pursuant to contract.

## THIRD CAUSE OF ACTION

**BREACH OF THE IMPLIED COVENANT AGAINST BORETA ENTERPRISES, INC., JOHN BORETA, RON BORETA, RON BORETA SEPARATE PROPERTY TRUST, SAINT ANDREWS FORUM GOLF SHOP, LTD., AND SAINT ANDREWS GOLF SHOP REGARDING LOAN NO. 9011021252**

73.     BE District and the Guarantors under Loan No. 9011021252 owed an implied duty to deal with the FDIC as Receiver and perform their obligations to the FDIC as Receiver in good faith and with fair dealing.

74.     BE District and the Guarantors breached this implied duty.

75.     As a direct result of their breach, the FDIC as Receiver has incurred damages in the amount of $609,445.50, with additional interest accruing in the amount of $126.31 per day.

76.     The FDIC as Receiver has been required to engage the services of attorneys in these proceedings as a direct and proximate result of BE District's and the Guarantors' breaches and therefore, the FDIC as Receiver is entitled to attorneys' fees and costs as special damages and pursuant to contract.

## FOURTH CAUSE OF ACTION

**BREACH OF CONTRACT AGAINST BE DISTRICT, LLC REGARDING LOAN NO. 9011021244**

77.     The FDIC as Receiver and BE District entered into the agreements that are described above.

78.     The FDIC as Receiver has performed its obligations under the agreements or has been excused from doing so.

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

11

79.     BE District defaulted on its obligations and breached its duties under the agreements by failing to make required payments under the loan.

80.     As a direct result of BE District's breach, the FDIC as Receiver has incurred damages in the amount of $320,390.43 plus late fees in an amount to be determined, with additional interest accruing in the amount of $60.42 per day.

81.     The FDIC as Receiver has been required to engage the services of attorneys in these proceedings as a direct and proximate result of BE District's breaches and therefore, the FDIC as Receiver is entitled to attorneys' fees and costs as special damages and pursuant to contract.

## FIFTH CAUSE OF ACTION

**BREACH OF GUARANTY AGREEMENTS AGAINST BORETA ENTERPRISES, INC., JOHN BORETA, RON BORETA, RON BORETA SEPARATE PROPERTY TRUST, SAINT ANDREWS FORUM GOLF SHOP, LTD., AND SAINT ANDREWS GOLF SHOP REGARDING LOAN NO. 9011021244**

82.     The FDIC as Receiver and the Guarantors under Loan No. 9011021244 entered into the guaranty agreements described above, which guarantee the obligations of BE District.

83.     The FDIC as Receiver has performed its obligations under the guaranty agreements or has been excused from doing so.

84.     Each Guarantor has breached his/its obligations under the guaranty agreements by failing to make full and punctual payment of the outstanding balance of Loan No. 9011021244 as agreed.

85.     As a direct result of the Guarantors' breach, the FDIC as Receiver has incurred damages in the amount of $320,390.43 plus late fees in an amount to be determined, with additional interest accruing in the amount of $60.42 per day.

86.     The FDIC as Receiver has been required to engage the services of attorneys in these proceedings as a direct and proximate result of the

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

Guarantors' breaches and therefore, the FDIC as Receiver is entitled to attorneys'
fees and costs as special damages and pursuant to contract.

### SIXTH CAUSE OF ACTION

**BREACH OF THE IMPLIED COVENANT AGAINST BE DISTRICT, LLC, BORETA ENTERPRISES, INC., JOHN BORETA, RON BORETA, RON BORETA SEPARATE PROPERTY TRUST, SAINT ANDREWS FORUM GOLF SHOP, LTD., AND SAINT ANDREWS GOLF SHOP REGARDING LOAN NO. 9011021244**

87.     BE District and the Guarantors under Loan No. 9011021244 owed an implied duty to deal with the FDIC as Receiver and perform their obligations to the FDIC as Receiver in good faith and with fair dealing.

88.     BE District and the Guarantors breached this implied duty.

89.     As a direct result of their breach, the FDIC as Receiver has incurred damages in the amount of $320,390.43 plus late fees in an amount to be determined, with additional interest accruing in the amount of $60.42 per day.

90.     The FDIC as Receiver has been required to engage the services of attorneys in these proceedings as a direct and proximate result of BE District's and the Guarantors' breaches and therefore, the FDIC as Receiver is entitled to attorneys' fees and costs as special damages and pursuant to contract.

### SEVENTH CAUSE OF ACTION

**BREACH OF CONTRACT AGAINST SAINT ANDREWS GOLF SHOP, LTD. REGARDING LOAN NO. 9011021268**

91.     The FDIC as Receiver and Saint Andrews entered into the agreements that are described above.

92.     The FDIC as Receiver has performed its obligations under the agreements or has been excused from doing so.

93.     Saint Andrews defaulted on its obligations and breached its duties under the agreements by failing to make required payments under the loan.

94.     As a direct result of Saint Andrews's breach, the FDIC as Receiver has incurred damages in the amount of $738,389.04 plus late fees in an

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

13

amount to be determined, with additional interest accruing in the amount of $140.52 per day.

95.     The FDIC as Receiver has been required to engage the services of attorneys in these proceedings as a direct and proximate result of Saint Andrews's breaches and therefore, the FDIC as Receiver is entitled to attorneys' fees and costs as special damages and pursuant to contract.

## EIGHTH CAUSE OF ACTION

**BREACH OF GUARANTY AGREEMENTS AGAINST BE DISTRICT, LLC, BORETA ENTERPRISES, INC., JOHN BORETA, RON BORETA, RON BORETA SEPARATE PROPERTY TRUST, AND SAINT ANDREWS FORUM GOLF SHOP, LTD. REGARDING LOAN NO. 9011021268**

96.     The FDIC as Receiver and the Guarantors under Loan No. 9011021268 entered into the guaranty agreements described above, which guarantee the obligations of Saint Andrews.

97.     The FDIC as Receiver has performed its obligations under the guaranty agreements or has been excused from doing so.

98.     Each Guarantor has breached his/its obligations under the guaranty agreements by failing to make full and punctual payment of the outstanding balance of Loan No. 9011021268 as agreed.

99.     As a direct result of the Guarantors' breach, the FDIC as Receiver has incurred damages in the amount of $738,389.04 plus late fees in an amount to be determined, with additional interest accruing in the amount of $140.52 per day.

100.    The FDIC as Receiver has been required to engage the services of attorneys in these proceedings as a direct and proximate result of the Guarantors' breaches and therefore, the FDIC as Receiver is entitled to attorneys' fees and costs as special damages and pursuant to contract.

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

14

### NINTH CAUSE OF ACTION

**BREACH OF THE IMPLIED COVENANT AGAINST SAINT ANDREWS GOLF SHOP, LTD., BE DISTRICT, LLC, BORETA ENTERPRISES, INC., JOHN BORETA, RON BORETA, RON BORETA SEPARATE PROPERTY TRUST, AND SAINT ANDREWS FORUM GOLF SHOP, LTD. REGARDING LOAN NO. 9011021268**

101.    Saint Andrews and the Guarantors under Loan No. 9011021268 owed an implied duty to deal with the FDIC as Receiver and perform their obligations to the FDIC as Receiver in good faith and with fair dealing.

102.    Saint Andrews and the Guarantors breached this implied duty.

103.    As a direct result of their breach, the FDIC as Receiver has incurred damages in the amount of $738,389.04 plus late fees in an amount to be determined, with additional interest accruing in the amount of $140.52 per day.

104.    The FDIC as Receiver has been required to engage the services of attorneys in these proceedings as a direct and proximate result of Saint Andrews's and the Guarantors' breaches and therefore, the FDIC as Receiver is entitled to attorneys' fees and costs as special damages and pursuant to contract.

### TENTH CAUSE OF ACTION

**BREACH OF CONTRACT AGAINST SAINT ANDREWS FORUM GOLF SHOP, LTD. REGARDING LOAN NO. 90110121236**

105.    The FDIC as Receiver and Saint Andrews Forum entered into the agreements that are described above.

106.    The FDIC as Receiver has performed its obligations under the agreements or has been excused from doing so.

107.    Saint Andrews Forum defaulted on its obligations and breached its duties under the agreements by failing to make required payments under the loan.

108.    As a direct result of Saint Andrews Forum's breach, the FDIC as Receiver has incurred damages in the amount of $317,588.26 plus late fees in an

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

15

amount to be determined, with additional interest accruing in the amount of $60.34 per day.

109.   The FDIC as Receiver has been required to engage the services of attorneys in these proceedings as a direct and proximate result of Saint Andrews Forum's breaches and therefore, the FDIC as Receiver is entitled to attorneys' fees and costs as special damages and pursuant to contract.

**ELEVENTH CAUSE OF ACTION**

**BREACH OF GUARANTY AGREEMENTS AGAINST BE DISTRICT, LLC, BORETA ENTERPRISES, INC., JOHN BORETA, RON BORETA, RON BORETA SEPARATE PROPERTY TRUST, AND SAINT ANDREWS GOLF SHOP, LTD. REGARDING LOAN NO. 90110121236**

110.   The FDIC as Receiver and the Guarantors under Loan No. 90110121236 entered into the guaranty agreements described above, which guarantee the obligations of Saint Andrews.

111.   The FDIC as Receiver has performed its obligations under the guaranty agreements or has been excused from doing so.

112.   Each Guarantor has breached his/its obligations under the guaranty agreements by failing to make full and punctual payment of the outstanding balance of Loan No. 90110121236 as agreed.

113.   As a direct result of the Guarantors' breach, the FDIC as Receiver has incurred damages in the amount of $317,588.26 plus late fees in an amount to be determined, with additional interest accruing in the amount of $60.34 per day.

114.   The FDIC as Receiver has been required to engage the services of attorneys in these proceedings as a direct and proximate result of the Guarantors' breaches and therefore, the FDIC as Receiver is entitled to attorneys' fees and costs as special damages and pursuant to contract.

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

16

## TWELFTH CAUSE OF ACTION

### BREACH OF THE IMPLIED COVENANT AGAINST SAINT ANDREWS FORUM GOLF SHOP, LTD., SAINT ANDREWS GOLF SHOP, LTD., BE DISTRICT, LLC, BORETA ENTERPRISES, INC., JOHN BORETA, RON BORETA, RON BORETA SEPARATE PROPERTY TRUST, AND SAINT ANDREWS FORUM GOLF SHOP, LTD. REGARDING LOAN NO. 90110121236

115.    Saint Andrews Forum and the Guarantors under Loan No. 90110121236 owed an implied duty to deal with the FDIC as Receiver and perform their obligations to the FDIC as Receiver in good faith and with fair dealing.

116.    Saint Andrews Forum and the Guarantors breached this implied duty.

117.    As a direct result of their breach, the FDIC as Receiver has incurred damages in the amount of $317,588.26 plus late fees in an amount to be determined, with additional interest accruing in the amount of $60.34 per day.

118.    The FDIC as Receiver has been required to engage the services of attorneys in these proceedings as a direct and proximate result of Saint Andrews Forum's and the Guarantors' breaches and therefore, the FDIC as Receiver is entitled to attorneys' fees and costs as special damages and pursuant to contract.

## THIRTEENTH CAUSE OF ACTION

### BREACH OF CONTRACT AGAINST SAINT ANDREWS FORUM GOLF SHOP, LTD. REGARDING LOAN NO. 9014001045

119.    The FDIC as Receiver and Saint Andrews Forum entered into the agreements that are described above.

120.    The FDIC as Receiver has performed its obligations under the agreements or has been excused from doing so.

121.    Saint Andrews Forum defaulted on its obligations and breached its duties under the agreements by failing to make required payments under the loan.

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

17

122.    As a direct result of Saint Andrews Forum's breach, the FDIC as Receiver has incurred damages in the amount of $120,868.22, with additional interest accruing in the amount of $16.56 per day.

123.    The FDIC as Receiver has been required to engage the services of attorneys in these proceedings as a direct and proximate result of Saint Andrews Forum's breaches and therefore, the FDIC as Receiver is entitled to attorneys' fees and costs as special damages and pursuant to contract.

### FOURTEENTH CAUSE OF ACTION

**BREACH OF GUARANTY AGREEMENTS AGAINST JOHN BORETA, KERI BORETA, JOHN AND KERI B. BORETA 2000 TRUST, RON BORETA, STACEY BORETA, RON BORETA SEPARATE PROPERTY TRUST, AND SAINT ANDREWS GOLF SHOP, LTD. REGARDING LOAN NO. 9014001045**

124.    The FDIC as Receiver and the Guarantors under Loan No. 9014001045 entered into the guaranty agreements described above, which guarantee the obligations of Saint Andrews.

125.    The FDIC as Receiver has performed its obligations under the guaranty agreements or has been excused from doing so.

126.    Each Guarantor has breached his/its obligations under the guaranty agreements by failing to make full and punctual payment of the outstanding balance of Loan No. 9014001045 as agreed.

127.    As a direct result of the Guarantors' breach, the FDIC as Receiver has incurred damages in the amount of $120,868.22, with additional interest accruing in the amount of $16.56 per day.

128.    The FDIC as Receiver has been required to engage the services of attorneys in these proceedings as a direct and proximate result of the Guarantors' breaches and therefore, the FDIC as Receiver is entitled to attorneys' fees and costs as special damages and pursuant to contract.

MORRIS PETERSON
ATTORNEYS AT LAW
300 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

18

## FIFTEENTH CAUSE OF ACTION

**BREACH OF THE IMPLIED COVENANT AGAINST SAINT ANDREWS FORUM GOLF SHOP, LTD., JOHN BORETA, KERI BORETA, JOHN AND KERI B. BORETA 2000 TRUST, RON BORETA, STACEY BORETA, RON BORETA SEPARATE PROPERTY TRUST, AND SAINT ANDREWS GOLF SHOP, LTD. REGARDING LOAN NO. 9014001045**

129.    Saint Andrews Forum and the Guarantors under Loan No. 9014001045 owed an implied duty to deal with the FDIC as Receiver and perform their obligations to the FDIC as Receiver in good faith and with fair dealing.

130.    Saint Andrews Forum and the Guarantors breached this implied duty.

131.    As a direct result of their breach, the FDIC as Receiver has incurred damages in the amount of $120,868.22, with additional interest accruing in the amount of $16.56 per day.

132.    The FDIC as Receiver has been required to engage the services of attorneys in these proceedings as a direct and proximate result of Saint Andrews Forum's and the Guarantors' breaches and therefore, the FDIC as Receiver is entitled to attorneys' fees and costs as special damages and pursuant to contract.

## SIXTEENTH CAUSE OF ACTION

**DECLARATORY RELIEF AGAINST THE BORROWERS AND GUARANTORS**

133.    Nevada has adopted the Uniform Declaratory Judgments Act, which permits parties to a contract to submit the question of their respective rights under the contract to the Court for a declaration thereof.

134.    The FDIC as Receiver is an interested party to the contracts alleged above, and a justiciable controversy exists among the parties to those contracts concerning the parties' rights and remedies thereunder.

135.    The FDIC as Receiver is entitled to a declaration that the Borrowers and the Guarantors have defaulted on their obligations under the Loan Documents.

MORRIS PETERSON
ATTORNEYS AT LAW
300 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

19

136.    The FDIC as Receiver is entitled to a declaration that it is not in default of any of the terms of the Loan Documents and therefore, it is entitled to enforce the remedies available to the FDIC as Receiver, including but not limited to, sale of the Collateral.

137.    Because the FDIC as Receiver has been required to engage the services of attorneys in these proceedings to enforce its contractual rights, the FDIC as Receiver is entitled to attorneys' fees and costs as special damages and pursuant to contract.

## SEVENTEENTH CAUSE OF ACTION

## CLAIM AND DELIVERY AGAINST THE BORROWERS

138.    Because of the Borrowers' defaults under the terms of the Loan Documents, the FDIC as Receiver is lawfully entitled to possession of the inventory that serves as collateral for the loans described above (the "Inventory").

139.    The Borrowers are wrongfully retaining and using the Inventory above after failing to make payments required under the Loan Documents.

140.    The Borrowers are wrongfully concealing the location and status of the Inventory from the FDIC as Receiver.

141.    Pursuant to NRS 31.840 *et seq.*, the FDIC as Receiver claims delivery of the Inventory and is entitled to a writ of possession.

142.    Because the FDIC as Receiver has been required to engage the services of attorneys in these proceedings to enforce its contractual rights, the FDIC as Receiver is entitled to attorneys' fees and costs as special damages and pursuant to contract.

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

20

1

## EIGHTEENTH CAUSE OF ACTION

2

### INJUNCTIVE RELIEF AGAINST THE BORROWERS AND GUARANTORS

3          143.    Based on the foregoing, the Collateral that secures the loans to

4    defendants is at risk of being moved, transferred, disposed of, or otherwise

5    concealed;

6          144.    Unless the Borrowers and Guarantors are temporarily and

7    permanently enjoined from moving, transferring, disposing of, concealing, or

8    impairing the Collateral, the FDIC will be irreparably harmed.

9          145.    Because the Borrowers and Guarantors are likely insolvent, as

10   demonstrated by their default under the Loan Documents, the FDIC as Receiver

11   has no adequate remedy at law.

12

## NINETEENTH CAUSE OF ACTION

13

### SPECIAL DAMAGES AGAINST THE BORROWERS AND GUARANTORS

14         146.    Based on the Borrowers' and the Guarantors' actions, which are

15   detailed above, the FDIC as Receiver was required to initiate legal proceedings to

16   prosecute its contractual and statutory rights, and it has incurred attorneys' fees

17   and costs in this effort.

18         147.    The attorneys' fees and costs incurred by the FDIC as Receiver

19   were proximately and necessarily caused by the Borrowers' and the Guarantors'

20   actions, which consequence was reasonably foreseeable to those defendants.

21         148.    The FDIC as Receiver is therefore entitled to recover its

22   attorneys' fees and costs as special damages pursuant to Federal Rule of Civil

23   Procedure 9(g), as well as being entitled to attorneys' fees and costs under the

24   contract referenced above.

25

26

27

28

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

WHEREFORE, the FDIC as Receiver prays for judgment as follows:

1.     For an award of damages to date of $2,113,800.30, plus any additional accrued interest, late fees, and other costs related to and due under the loans;

2.     For a declaration that (a) the FDIC as Receiver is not in default of any contractual obligation to the Borrowers or the Guarantors, (b) the Borrowers and the Guarantors have breached their duties and are in default of their obligations under the loans, and (c) the FDIC as Receiver is entitled to exercise any and all contractual and/or statutory rights and remedies;

3.     For a Writ of Possession for the Inventory;

4.     For an Order temporarily and permanently enjoining the Borrowers and Guarantors from disposing of, concealing, or impairing the Collateral

5.     That the FDIC as Receiver recover its reasonable costs of suit;

6.     That the FDIC as Receiver recover its reasonable attorneys' fees, both pursuant to contract and also as special damages;

7.     For pre-judgment and post-judgment interest; and

8.     For such other and further relief as the Court may deem just and proper.

MORRIS PETERSON


By   /s/ Robert McCoy
    Robert McCoy, No. 9121
    Ryan Lower, No. 9108
    900 Bank of America Plaza
    300 South Fourth Street
    Las Vegas, Nevada  89101

Attorneys for Plaintiff Federal Deposit Insurance Corporation, as Receiver for Community Bank of Nevada

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

22