# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FEDERAL DEPOSIT INSURANCE
CORPORATION,

    Plaintiff,

v.

SAINT ANDREWS FORUM GOLF
SHOP, LTD, et al.,

    Defendants.

Case No. 2:10-CV-00869-KJD-LRL

**ORDER**

Currently pending before the Court is Plaintiff Federal Deposit Insurance Corporation's ("FDIC") Motion for Temporary Restraining Order, Preliminary Injunction, Writ of Possession, and to Appoint Receiver (##4, 5, 16, 17). Defendants filed a Response in opposition (#13), to which the FDIC filed a Reply (#15). The Court held a Hearing on the Motion for Temporary Restraining Order (#4) on June 11, 2010, in which the Parties submitted a Stipulation regarding the disposition of collateral pending resolution of the pending Motions (#12), the Court granted the stipulation, thus precluding any necessity for the issuance of a Temporary Restraining Order. Also before the Court is Defendants' Motion to Dismiss (#19). The FDIC filed a Response in opposition (#20), to which Defendants filed a Reply (#21).

**I. Background**

This action arises from a series of five loans ("Loans") entered into between Community Bank of Nevada and Defendants Saint Andrews Forum Golf Shop, Ltd., Saint Andrews Golf Shop, Ltd., and BE District, LLC (collectively "Borrowers") totaling over $2.1 million to fund the Borrowers' golf shop operations. ("Loans") Defendants John and Ken Boreta, John and Ken Boreta 2000 Trust, Ron and Stacey Boreta, Ron Boreta Separate Property Trust, Saint Andrews, Ron Boreta,

(collectively referred to as "Guarantors"), executed Commercial and unconditional guarantees for each of the loans. (#1 at ¶¶ 29, 36, 46, 55).

On August 14, 2009, the Nevada Financial Institutions Division closed Community Bank of Nevada and the FDIC was appointed as Receiver pursuant to 12 U.S.C. § 1821. As the Receiver, the FDIC succeeds to all rights, titles, powers, and privileges of the Bank and is authorized to pursue any claims the Bank may have brought, in accordance with 12 U.S.C. § 1821.

It is undisputed that the Borrowers failed to make their payments on their respective loans, and that none of the Guarantors made any payment or tendered performance of the Borrowers' obligations. Resultantly, the FDIC filed its Complaint in this action on June 7, 2010, bringing nineteen claims for relief alleging Breach of Contract, Breach of Guaranty Agreements, Breach of the Implied Covenant of Good Faith and Fair Dealing, Declaratory Relief, Claim and Delivery, and Special Damages. The FDIC avers that under the loan documents, the entire amount of the Borrowers' debt is due and payable to the FDIC as Receiver. (#1 at ¶ 61.)

The landscape of this action has changed dramatically since the initial Motions for Injunctive Relief were filed. Specifically, the Stipulation Regarding the Disposition of Collateral filed by the parties following the Hearing (#11) on the Motion for Injunctive Relief, provides that during the pendency of the litigation, the Defendants will be able to keep their respective stores open and operating to their best efforts in the ordinary course of business. (See #12.) The Stipulation further provides that in the event any of the stores receives notice of default, foreclosure, or eviction on any claim concerning a breach of the store's lease, Defendants will notify the FDIC in writing within 24 hours. The Stipulation further provides that the Defendants will not inure any liability outside the ordinary course of business, and that the Defendants shall not remove the collateral or inventory from the existing store locations or sell, offer to sell, or otherwise transfer or dispose of the collateral outside of the ordinary course of Defendants' business, without prior written consent of the FDIC.

On August 12, 2010, Defendants filed a Motion to Dismiss (#19) alleging that the FDIC "sold all of the loans that are the subject of the Complaint . . . to an independent third party." (#19 at 2.)

The FDIC filed a Response in opposition (#20), to which Defendants filed a Reply (#21).  In its Opposition, the FDIC concedes that it has sold four of the five loans to a third party, but argues that because it retains interest in one loan, and because its interests in the remaining loans may transfer to a third party pursuant to Fed. R. Civ. P. 25(c), the Motion to Dismiss should be denied.

The Court has reviewed each of the pending Motions, together with their respective Responses and Replies in light of the circumstances of this case, and issues its ruling on each Motion jointly herein.

**II. Standard of Law for Injunctive Relief**

The basis for injunctive relief in the federal courts is irreparable injury and the inadequacy of legal remedies.  See Weinberger v. Romero-Barcello, 456 U.S. 305, 312 (1982).  In each case, the Court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.  All courts agree that the plaintiff must satisfy the general equitable requirements by showing a significant threat of irreparable injury and that the legal remedies are inadequate.  See Arcamuzi v. Cont'l Airlines, Inc., 819 F.2d 935, 937 (9th Cir. 1987).  The traditional test focuses on whether the plaintiff has demonstrated a fair chance of success on the merits at the minimum, a significant threat of irreparable injury, at least a minimal tip in the balance of hardships, and whether any public interest favors granting the injunction.  See American Motorcycle Ass'n v. Watt, 714 F.2d 962, 965 (9th Cir. 1983).  An alternative test permits the plaintiff to meet its burden by showing either a combination of probable success on the merits and the possibility of irreparable injury or serious questions as to these matters and the balance of hardships tips sharply in plaintiff's favor.  See First Brands Corp. v. Fred Meyer, Inc., 809 F.2d 1378 (9th Cir. 1987).  These are not separate tests but the outer reaches of a single continuum.  See L.A. Mem'l Coliseum Comm'n v. NFL, 634 F.2d 1197, 1201 (9th Cir. 1980.)

The FDIC argues that it has a strong likelihood of success on the merits on all of its claims, given Defendants' failure to pay the amounts due and owing on their loans.  The Court agrees with

Defendants as to the likelihood of success on the merits of their breach of contract related claims, however, other factors do not favor a finding for injunctive relief at this time.

The Motion seeking Injunctive Relief (#5) states that "this motion presents a real emergency", and that "unless the FDIC gains immediate possession of the borrowers' inventory, that collateral is in immediate danger of being moved, concealed, and/or disposed of." (#5 at 3.) However, as stated above, since the filing said Motion the parties have stipulated to allow the Defendants to continue operating their stores in the ordinary course of business. Additionally, the Defendants have agreed not to move, sell, or otherwise transfer their inventory. Moreover, it is undisputed that the FDIC has sold four of the five Loans to a third party. All of these factors militate strongly against a finding of irreparable injury and the emergent circumstances required to merit the extraordinary remedy of injunctive relief. Because the landscape of this action has changed so dramatically, and the businesses appear to be open and functioning, the Court cannot find that the balance of hardships or public interest lean towards the issuance of injunctive relief at this time.

Additionally, the Court finds that the language of the Motion, although immediate at some times, conversely contains rhetoric lacking in emergent necessity. For example, the Motion states that eviction "may be" imminent, yet fails to give the Court any indication that eviction has been threatened at the store properties. (#4 at 7.) Additionally, the Motion goes on to state that if the Defendants should be evicted, "it is likely" that the Borrowers will co-mingle the collateral with the inventory in the other shops. Id. It is undisputed however, that Defendants have agreed not to transfer any inventory. (Id.) Accordingly, the Court finds that injunctive relief is not necessary to guard against the inadequacy of legal remedy at this time. Therefore, Plaintiffs' Motion for Preliminary Injunction should be denied.[1]

---

[1] Because the Court denies the issuance of injunctive relief, the Court also finds that Defendants' Motions for a Writ of Possession (#16), and Motion to Appoint Receiver (#17) should be denied.

4

### III. Motion to Dismiss

Additionally, Fed. R. Civ. P. 25(c) expressly provides for an action to continue "by or against the original party" when a party's interest is transferred to another party. Here, the FDIC avers that it still owns Loan No. 9014001045, and that the lawsuit may proceed in the name of either FDIC or the new owner of the remaining loans, 2010-1 CRE Venture, LLC ("CRE"). The Court agrees.

The FDIC states that it will submit a motion to substitute CRE as the plaintiff for the loans it now owns. Accordingly, the Court finds that Defendants' Motion to Dismiss (#19) should be denied, and the FDIC shall submit a motion to substitute pursuant to Rule 25.

### IV. Conclusion

Accordingly, good cause appearing, **IT IS HEREBY ORDERED** that Plaintiff Federal Deposit Insurance Corporation's Motions for Temporary Restraining Order, Preliminary Injunction, Writ of Possession, and Appointment of Receiver (##4, 5, 16, 17) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (#19) is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff Federal Deposit Insurance Corporation shall submit a motion to substitute on or before April 20, 2011.

**IT IS FURTHER ORDERED** that Defendants' Motion for Hearing (#18) is **DENIED** as moot.

DATED this 29th day of March 2011.

_____
Kent J. Dawson
United States District Judge