# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR COMMUNITY BANK OF NEVADA,<br><br>    Plaintiff,<br><br>v.<br><br>SAINT ANDREWS FORUM GOLF SHOP, LTD., *et al.*,<br><br>    Defendants. | Case No. 2:10-CV-00869-KJD-LRL<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Substitute 2010-1 CRE Venture, LLC as a Plaintiff (#26). Defendants have responded (#27) and Plaintiff has replied (#28).

I. Background

Defendants Saint Andrews Forum Golf Shop, Ltd., Saint Andrews Golf Shop, Ltd., and BE District, LLC (the "Borrowers") entered into five commercial loan agreements with Community Bank of Nevada, Inc. ("Community Bank"). The Borrowers, along with Defendants Ron and John Boreta, used the loan proceeds to operate several golf stores in Las Vegas, Nevada. Community Bank was closed by the Nevada Financial Institutions Division and the FDIC was appointed as

receiver for Community Bank.  The FDIC filed this action to recover for alleged breach of contract, breach of implied covenant of good faith and fair dealing, declaratory relief, claim and delivery, and injunctive relief.  The FDIC sold four of the five loans at issue, Loans Nos. 9011021252, 9011021244, 9011021268, and 9011021236, in this case to 2010-1 CRE Venture, LLC (CRE), and assigned all interests in the loans and collateral to CRE.  The FDIC retained one of the loans.  The FDIC now seeks to substitute CRE as a plaintiff for the causes of action related to the loans sold to CRE.

II.  Analysis

Fed. R. Civ. P. 25(c) provides for the substitution of a party when the original party's interest transfers to another.  Courts have discretion to grant substitution where the transferee's presence "would facilitate the conduct of the litigation."  In re Bernal, 207 F.3d 595, 598 (9th Cir. 2000) (citing 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1958 (2d Ed.1986)); see Dodd v. Pioche Mines Consol., Inc., 308 F.2d 673, 674 (9th Cir. 1962) (the decision to substitute under Rule 25(c) is discretionary).  The substitution of the FDIC out of the case does not affect this Court's jurisdiction over the case.  FDIC v. Four Star Holding Co., 178 F.3d 97, 100-101 (2nd Cir. 1999) ("the transfer of assets by FDIC to a private third party does not divest the court of subject matter jurisdiction under [12 U.S.C.] § 1819").

Defendants argue that the FDIC has provided insufficient evidence of CRE's ownership of the loans for the Court to grant this Motion to Substitute.  But in their August 8, 2010 Motion to Dismiss, Defendants acknowledged the sale of the loans to CRE. (#19 Motion to Dismiss). Furthermore, the FDIC submitted a declaration from Ed Dailey, an agent of CRE swearing that CRE owns the loans at issue.  Defendants' current position is inconsistent with their prior position and Defendants cite no binding authority indicating that the evidence proffered by the FDIC is insufficient to grant the Motion to Substitute Plaintiff.  This Court determines that adequate evidence of ownership exists.  Dodd v. Pioclie Mines Consol., Inc., 308 F.2d 673, 674 (9th Cir. 1962)

(substitution is in the discretion of the trial court).  Accordingly, CRE is substituted as Plaintiff for all causes of action relating to Loans Nos. 9011021252, 9011021244, 9011021268, and 9011021236.

III.  Conclusion

      **IT IS HEREBY ORDERED** that Plaintiff's Motion to Substitute 2010-1 CRE Venture, LLC as a Plaintiff (#26) is **GRANTED.**

      DATED this 27th day of July 2011.

_____

Kent J. Dawson
United States District Judge

3